UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

RAYFORD E. POOLE                                                              PETITIONER

v.                                                         CIVIL ACTION NO. 5:11-CV-P81-R

PHILLIP PARKER                                                                RESPONDENT

### MEMORANDUM OPINION

Petitioner, Rayford E. Poole, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely. He has responded. For the following reasons, the Court will dismiss this habeas petition as barred by the one-year limitations period in 28 U.S.C. § 2244(d).

### I.

According to his petition, Petitioner was convicted in McCracken Circuit Court on July 1, 2002. He filed a Kentucky Criminal Rule 11.42 motion in that court on August 27, 2005, which was denied on September 15, 2008. The Kentucky Court of Appeals affirmed the denial of his Rule 11.42 motion on June 18, 2010. He filed a discretionary appeal to the Kentucky Supreme Court on October 15, 2010, which was denied on March 16, 2011. Under the mail box rule, Petitioner filed his petition for habeas relief in this Court on May 11, 2011.[1] His petition claims that his trial counsel was ineffective in that counsel failed to investigate thoroughly

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). In this case, Petitioner certified under penalty of perjury that he placed his petition in the prison mail system on May 11, 2011.

Petitioner's Illinois convictions which were being used to support the charge of persistent felony offender.  He asserts that had counsel investigated thoroughly pre-trial plea negotiations could have been reopened thereby sparing Petitioner from having to plead guilty to a life sentence.

**II.**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on July 31, 2002, 30 days after the trial court entered judgment and the last date that he could have filed an appeal under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure. Thus, he had until July 31, 2003, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); 28 U.S.C. § 2244(d)(2). Petitioner did not file any collateral attacks of his state court conviction until August 27, 2005, after the applicable limitations had expired.

In the portion of his petition which asks him to explain why his petition was filed over one year from when his conviction became final, he stated:

> My attorneys and the Commonwealth Attorney withheld documentation regarding information of my prior Illinois conviction which were believed to be felonies but turned out to be misdemeanors. This was part of the Commonwealth's plea agreement offered to me because I was charged with PFO II. I did not receive this withheld information until my evidentiary hearing on June 27, 2008. Had it not been for my attorney's failure to disclose the contents of this vital information I would have been able to meet my 1 year limitation as required by 28 U.S.C. 2244(d).

In his response to the show-cause order he argues that he did not have documentary evidence until June 27, 2008, and at that time his state post-conviction challenge was still pending in the state court, thereby tolling the time to file his federal habeas.

However, the Court finds that the factual predicate for his habeas claim could have been discovered earlier than June 2008 through the exercise of due diligence. Whether or not Petitioner had documented proof, Petitioner had knowledge even before trial that his Illinois convictions should not be considered. As he explains he rejected a proposed plea agreement

3

before trial because it included a longer sentence based on his prior Illinois felony convictions. Moreover, according to the state-court decision, "In the middle of trial, on May 10, 2002, the Commonwealth's Attorney received notice that Poole's prior convictions from Illinois were, as Poole had contended, misdemeanors rather than felonies. Thus, Poole could not be found as a PFO II and that charge was dismissed." *Poole v. Commonwealth*, No. 2008–CA–002022–MR, 2010 WL 2427446, at *1 (Ky. App. June 18, 2010). Thus, Petitioner should have been aware that evidence existed that his Illinois convictions were not felonies at the time of his trial at the latest.

The fact that Petitioner later developed additional evidentiary support for his claim does not alter this conclusion. *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Id.* at 199; *see also United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 motion) (even though movant did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult [ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)); *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2003) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts."); *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (same). Moreover, the Court notes that Petitioner was prompted to file his state-court RCr 11.42 motion without the benefit of having

4

the document in question in his possession. The Court finds that Petitioner's petition is barred by the one-year limitations period.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
4413.009